**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| NAFIS HORNE, Plaintiff, | : | |
| v. | : | C.A. No. |
| WAL-MART ASSOCIATES, INC., WAL-MART STORES, INC., WAL-MART STORES EAST, INC., WAL-MART STORES EAST, LP., and WALMART | : | **COMPLAINT** **(Jury Trial Demanded)** |
| Defendants. | : | |

## INTRODUCTION

Plaintiff, Nafis Horne ("Plaintiff"), by and through his attorney, Gerald B. Baldino, III, Esq., brings this action against the herein named Defendants Wal-Mart Associates, Inc., Wal-Mart Stores, Inc., Wal-Mart Stores East, Inc., Wal-Mart Stores East, LP., and Walmart (hereinafter collectively referred to as "Defendants" or "Wal-Mart"), for unlawful discrimination on the basis of his race, color and/or disability, a hostile work environment on the basis of his race, color and/or disability, wrongful termination on the basis of his race, color and/or disability, a failure to provide reasonable accommodations related to Plaintiff's disability and retaliation for his complaints regarding the aforementioned discrimination and harassment in violation of Title VII of the Civil Rights Act of 1964 and 1991, as amended ("Title VII"), the Pennsylvania Human Relations Act ("PHRA"), and the Americans With Disabilities Act ("ADA") 42 U.S.C. §§ 12101, *et seq*. Plaintiff seeks damages, including compensatory, liquidated, punitive, and attorneys' fees and costs, and all other relief that this Court deems appropriate, and respectfully represents as follows:

## PARTIES

1. Plaintiff, Nafis Horne, is an adult individual and resident of the Commonwealth of Pennsylvania.

2. Plaintiff is an African-American/Black male, who was at all times material hereto an employee of Defendants within the meaning of the statutes that form the basis of this matter.

3. Defendant Wal-Mart Stores East, LP, is an Arkansas business with an address of 702 SW 8th Street, Bentonville, Arkansas, and at all times relevant hereto was registered to do business in Pennsylvania with a business address at 270 Indian Run Street, Exton, PA 19341.

4. Defendant Wal-Mart Associates, Inc., is an Arkansas business with an address of 702 SW 8th Street, Bentonville, Arkansas, and at all times relevant hereto was registered to do business in Pennsylvania with a business address at 270 Indian Run Street, Exton, PA 19341.

5. Defendant Wal-Mart Stores, Inc, is an Arkansas business with an address of 702 SW 8th Street, Bentonville, Arkansas, and at all times relevant hereto was registered to do business in Pennsylvania with a business address at 270 Indian Run Street, Exton, PA 19341.

6. Defendant Wal-Mart Stores East, Inc is an Arkansas business with an address of 702 SW 8th Street, Bentonville, Arkansas, and at all times relevant hereto was registered to do business in Pennsylvania with a business address at 270 Indian Run Street, Exton, PA 19341.

7. Defendant Walmart is an Arkansas business with an address of 702 SW 8th Street, Bentonville, Arkansas, and at all times relevant hereto was registered to do business in Pennsylvania with a business address at 270 Indian Run Street, Exton, PA 19341.

8. At all times material hereto, Defendants were employers within the meaning of the statutes which form the basis of this matter and employed more than fifteen (15) persons.

9. The Defendants engaged in an industry affecting interstate commerce and regularly conduct business in the Commonwealth of Pennsylvania.

10. At all times material hereto, Defendants acted by and through their authorized agents, servants, workmen, and/or employees acting within the course and scope of their employment with Defendants and in furtherance of Defendants' business.

**JURISDICTION AND VENUE**

11. The causes of action which form the basis of this matter arise under Title VII, the PHRA, and the ADA.

12. The District Court has jurisdiction over Count I (Title VII) and Count III (ADA) pursuant to 42 U.S.C. §2000e-5 and 28 U.S.C. §1331.

13. The District Court has supplemental jurisdiction over Plaintiff's state law claims in Count II (PHRA) pursuant to 28 U.S.C. §1367.

14. Venue is proper in the District Court under 28 U.S.C. §1391(b) and 42 U.S.C. § 2000e-5(f)(3).

15. All conditions precedent to the institution of this suit have been fulfilled. Plaintiff timely filed a charge of discrimination, retaliation, unlawful termination and of a hostile work environment with the Equal Employment Opportunity Commission ("EEOC"), which was dual-filed with the Pennsylvania Human Relations Commission ("PHRC"), received a Notice of Right to Sue ("NRTS") from the EEOC, and has properly commenced this action within 90 days of the receipt of the NRTS and has fully complied with all administrative prerequisites for the commencement of this action.

**GENERAL ALLEGATIONS**

16. The Plaintiff, Nafis Horne, an African-American/Black male, was employed by Defendants from on or about April 23, 2024 through August 22, 2024.

17. Throughout his employment with Defendants, Plaintiff was employed as an overnight stocker at the Walmart store, #2167, located at 270 Indian Run Street, Exton, PA 19341.

18. During his time as an overnight stocker, the Plaintiff was an excellent employee, consistently meeting or exceeding expectations and standards for his position.

19. During the course of his employment, Mr. Horne had been following up with his physicians related to seizures he had experienced and a diagnosed seizure disorder, and related ongoing complications including blurred vision and dizziness.

20. As a result, Mr. Horne provided a note to Defendants on or about August 17, 2024, including to his Head Team Lead Cindy Schultz (Caucasian), from his physicians notifying them of his seizure disorder and ongoing treatment.

21. At that time, Mr. Horne advised Defendants of his condition and complications and requested accommodations.

20. Plaintiff's aforementioned condition constitutes a disability under the Americans with Disabilities Act in that Plaintiff was substantially limited in one or more of his major life activities, that he was perceived by the Defendants as being disabled and/or had a record of impairment.

21. Throughout the course of his employment, Plaintiff was subjected to discrimination and a hostile work environment on the basis of his race, color and disability by Respondents, their servants, employees, and agents including, but not limited to, his manager Kyle Diggins (Caucasian).

22. At the time of the events complained of herein, Kyle Diggins, Plaintiff's manager, was overseen by Ms. Schultz.

23. Shortly after notifying Defendants of his condition, Mr. Horne was instructed by Mr. Diggins to perform overstock work, which required Mr. Horne to take excess inventory and place it on high shelves.

24. This required the Plaintiff to climb a ladder and work at dangerous heights off the ground, which was unsafe given his seizure condition.

25. At that time, Plaintiff was feeling dizzy and lightheaded consistent with his seizure disorder and related complications, such that performing the work on the ladder would have been hazardous.

26. As such, Plaintiff advised Mr. Diggins that he was unable to go up on the ladder and that due to his medical condition it would be unsafe and asked to perform another task instead as a reasonable accommodation.

27. In fact, Mr. Horne volunteered to perform another stocking job, zoning, that was one of his regular job duties and that did not require him to climb up a ladder.

28. At this same time, another employee volunteered to perform the overstock task for Mr. Horne in light of his medical condition, physical limitations, and the hazard this posed.

29. Instead of providing an accommodation in the form of another stocking task, Mr. Diggins continued to demand that Mr. Horne perform the dangerous task despite his physical condition and threatened to write-up and/or terminate Mr. Horne.

30. Following this incident, Mr. Horne called and complained to Defendants' corporate office about the aforementioned treatment and but nothing was done.

31. Instead, five (5) days later, following the incident, the Plaintiff was terminated by Defendants and Mr. Diggins on or about August 22, 2024, the reasons for which Plaintiff maintains were pretextual.

32. As further evidence that the termination was not justified and was discriminatory, Defendants actually attempted to rescind the termination and rehire the Plaintiff shortly after his wrongful termination, yet the Plaintiff refused because he no longer felt safe working there.

33. Upon information and belief, the actions taken by Mr. Diggins were also because of the Plaintiff's race and color.

34. Throughout the course of his employment, Plaintiff observed Mr. Diggins target African American/Black employees, including Plaintiff, and would frequently demand that African American/Black employees undergo performance reviews and coaching, while Caucasian/white employees were not required to undergo such coaching despite ongoing performance deficiencies.

35. Mr. Diggins also disciplined and wrote-up African American/Black employees including Plaintiff more frequently than Caucasian/White employees, which frequently resulted in harsher discipline for African American/Black employees.

36. Said treatment constituted discrimination and harassment on the basis of Plaintiff's race/color.

37. Plaintiff is also aware of a large number of complaints made by African American/Black employees against Mr. Diggins based upon his mistreatment of African American/Black employees in the workplace.

38. The Plaintiff maintains that he was terminated because of his race, color and/or disability, and/or in retaliation for his complaints of the aforesaid acts of discrimination and harassment and requests for accommodation.

39. Plaintiff was discriminated against on the basis of his race, color, and disability with respect to the terms, conditions and/or privileges of his employment.

40. The hostile work environment Plaintiff was subjected to was unwelcome, based on his race, color, disability and complaints of discrimination and harassment, was severe and/or pervasive, was humiliating and degrading, and unreasonably interfered with his work and work environment.

41. Plaintiff viewed harassment and discrimination as creating an abusive and hostile work environment, as would a reasonable person under similar circumstances.

42. Defendants wholly failed to prevent or address the discriminatory, harassing, and retaliatory conduct referred to herein and further failed to take corrective and remedial measures to make the workplace free of discrimination, harassment, and retaliatory conduct.

43. The discriminatory, harassing, and retaliatory conduct of Defendants was severe and/or pervasive enough to make a reasonable person believe that the conditions of employment had been altered and that a hostile work environment existed, and made Plaintiff believe that the conditions of employment had been altered and that a hostile work environment existed.

44. Under these circumstances, the retaliatory actions that Plaintiff was subjected to, including the harassment and wrongful termination, would deter a reasonable employee from exercising their rights.

45. Defendants acted with malice, reckless indifference and/or deliberate indifference to Plaintiff's statutorily protected rights.

46. Upon information and belief, Defendants had a pattern or practice of discriminating against African/American employees and those with disabilities.

47. Plaintiff's race, color and disability were a determining factor in Defendants' improper and discriminatory treatment of Plaintiff, including his wrongful termination.

48. Plaintiff's race, color and disability were a motivating factor in Defendants' improper and discriminatory treatment of plaintiff, including his wrongful termination.

49. As a direct and proximate result of the discriminatory and retaliatory conduct of Defendants, Plaintiff has in the past incurred, and may in the future incur, a loss of earnings and/or earning capacity including back and front pay, loss of benefits, pain and suffering, embarrassment, humiliation, loss of self-esteem, mental anguish, and loss of life's pleasures, the full extent of which is not known at this time.

**COUNT I – TITLE VII**

**Plaintiff Nafis Horne v. All Defendants**

50. Plaintiff incorporates by reference the paragraphs above as if set forth herein in their entirety.

51. By committing the foregoing acts of discrimination, harassment and retaliation against Plaintiff, Defendants have violated Title VII.

52. Said violations were willful and intentional and warrant the imposition of punitive damages.

53. As a direct and proximate result of Defendants' violation of Title VII, Plaintiff has suffered the damages and losses set forth herein and has incurred attorneys' fees and costs.

54. Plaintiff is now suffering and will continue to suffer irreparable injury and monetary damages as a result of Defendants' harassment and discriminatory and retaliatory acts unless and until this Court grants the relief requested herein.

55. By reason of Defendants' discriminatory acts, harassment, and retaliation, Plaintiff is entitled to all legal and equitable remedies available under Title VII.

56. No previous application has been made for the relief requested herein.

**COUNT II – PHRA**

**Plaintiff Nafis Horne v. All Defendants**

57. Plaintiff incorporates by reference the paragraphs above as if set forth herein in their entirety.

58. By committing the foregoing acts of discrimination, harassment and retaliation against Plaintiff, Defendants have violated the PHRA.

59. Said violations were intentional and willful.

60. As a direct and proximate result of Defendants' violation of the PHRA, Plaintiff has sustained the injuries, damages, and losses set forth herein and has incurred attorneys' fees and costs.

61. Plaintiff is now suffering and will continue to suffer irreparable injuries and monetary damages as a result of Defendants' discriminatory and retaliatory acts unless and until the Court grants the relief requested herein.

62. By reason of Defendants' harassment, discrimination and retaliation, Plaintiff Nafis Horne is entitled to all legal and equitable remedies available under the PHRA.

63. No previous application has been made for the relief requested herein.

**COUNT III – ADA**

**Plaintiff Nafis Horne v. All Defendants**

64. Plaintiff incorporates by reference the paragraphs above as if set forth herein in their entirety.

65. The actions of the Defendants, through their agents, servants and employees, in subjecting Plaintiff to discrimination and harassment on the basis of his actual and/or perceived disabilities and/or record of impairment, and/or failing to engage in the interactive process, and/or

failing to accommodate his disability, and/or retaliating against Plaintiff for requesting reasonable accommodation for his disability and for his complaints of disability discrimination, ultimately resulting in the wrongful discharge of Plaintiff from his employment, constituted violations of the ADA.

66. Said violations were willful and intentional and warrant the imposition of punitive damages.

67. As a direct result of the aforesaid unlawful discriminatory and retaliatory employment practices engaged in by the Defendants in violation of the ADA, Plaintiff sustained permanent and irreparable harm, resulting in his discharge from employment, which caused him to sustain a loss of earnings, plus the value of certain benefits, plus loss of future earning power, plus back pay, and front pay and interest due thereon, and has incurred attorneys' fees and costs.

68. As a further direct result of the aforesaid unlawful discriminatory and retaliatory employment practices engaged in by the Defendants in violation of the ADA, Plaintiff suffered severe emotional distress, embarrassment, humiliation, and loss of self-esteem, and irreparable injury and monetary damages.

69. By reason of Defendants' discriminatory acts, hostile work environment, and retaliation, Plaintiff Nafis Horne is entitled to all legal and equitable remedies available under the ADA.

70. No previous application has been made for the relief requested herein.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff seeks damages and legal and equitable relief in connection with Defendants' improper conduct, and specifically prays that the Court grant the following relief to the Plaintiff by:

(a) declaring the acts and practices complained of herein to be in violation of Title VII;

(b) declaring the acts and practices complained of herein to be in violation of the PHRA;

(c) declaring the acts and practices complained of herein to be in violation of the ADA;

(d) enjoining and permanently restraining the violations alleged herein;

(e) entering judgment against the Defendants and in favor of the Plaintiff in an amount to be determined;

(f) awarding compensatory damages to make the Plaintiff whole for all past lost earnings, earning capacity and benefits, which Plaintiff has suffered or may suffer as a result of Defendant's improper conduct;

(g) awarding compensatory damages to Plaintiff for past and future pain and suffering, emotional upset, mental anguish, humiliation, and loss of life's pleasures, which Plaintiff has suffered or may suffer as a result of Defendants' improper conduct;

(h) awarding punitive damages to Plaintiff under Title VII;

(i) awarding Plaintiff such other damages as are appropriate under Title VII, the PHRA, and ADA ;

(j) awarding Plaintiff the costs of suit, expert fees and other disbursements, and reasonable attorney's fees; and;

(k) granting such other and further relief as this Court may deem just, proper, or equitable including other equitable and injunctive relief providing restitution for past violations and preventing future violations.

**JURY DEMAND**

Plaintiff demands a trial by jury of the claims asserted herein.

Dated: September 22, 2026

*/s/ Gerald B. Baldino, III*
Gerald B. Baldino, III, Esquire
Attorney I.D. No. 326111
SACCHETTA & BALDINO
308 E. Second Street
Media, PA 19063
P: (610) 891-9212
F: (610) 891-7190
gbaldino@sbattorney.com
*Attorney for Plaintiff*